JOSEPH L. LECCE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Joseph L. Lecce, Inc. v. Commissioner
Docket No. 9400-72
United States Tax Court
T.C. Memo 1974-112; 1974 Tax Ct. Memo LEXIS 208; 33 T.C.M. (CCH) 557; T.C.M. (RIA) 74112; May 6, 1974, Filed. Michael J. Casale, for the petitioner. Jeffrey C. Kahn, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $6,362.55 in petitioner's Federal income tax for its taxable year ending October 31, 1968. The issues for decision are whether petitioner was a component member of a controlled group of corporations subject to the provisions of section 1561 [1] and, if so, whether such group made a valid election of multiple surtax exemptions under section 1562. All of the facts have been stipulated and are so found. Petitioner is a corporation whose principal place of business was in Williamsport, Pennsylvania, when it filed the petition in this case. It timely filed a Federal income *211 tax return for its taxable year beginning November 1, 1967 and ending October 31, 1968 with the district director of internal revenue at Philadelphia, Pennsylvania. On said return, petitioner claimed a surtax exemption of $25,000. Petitioner did not make any statement indicating its election of or consent to a multiple surtax exemption under section 1562. Lorr Equipment and Supply Co. (Lorr) is a corporation whose principal place of business was also in Williamsport, Pennsylvania. It timely filed a Federal income tax return for its taxable year beginning February 1, 1967 and ending January 31, 1968 with the district director of internal revenue at Philadelphia, Pennsylvania. On said return, Lorr stated that it was electing a multiple surtax exemption and claimed a surtax exemption of $25,000. Lorr reported and paid the additional tax imposed by section 1562(b). At all relevant times, the same individual was the sole shareholder of both petitioner and Lorr. On or about February 14, 1968, Lorr filed an election to be treated as an electing small business corporation, as defined in section 1371(b), effective for its taxable year beginning February 1, 1968. On or about *212 October 26, 1971, petitioner executed a Consent Fixing Period of Limitation Upon Assessment of Income Tax, Form 872, for its taxable year ending October 31, 1968, whereby it extended the period during which its income taxes could be assessed until December 31, 1972. On or about January 13, 1972, petitioner filed an amended return for its taxable year ending October 31, 1968, wherein it stated that it was electing a multiple surtax exemption under section 1562, claimed a surtax exemption of $25,000, and reported the additional tax imposed by section 1562(b). Respondent determined that petitioner was a component member of a controlled group of corporations with respect to the taxable year in issue and was therefore required under section 1561 [2] to share a single surtax exemption of $25,000 with the other member of such group. Respondent further determined that such group failed to make a valid election of multiple surtax exemptions under section 1562. [3]
*213 Because the same individual is the sole shareholder of both corporations, petitioner and Lorr clearly constitute a "controlled group of corporations" as defined in section 1563(a) (2). [4] Petitioner would nevertheless be entitled to a full surtax exemption of $25,000 by the terms of section 1563(a) (1) if it were the only "component member" (as defined in section 1563(b)) of such group with respect to the taxable year in issue. Petitioner claims such status and relies on section 1.1563-1(b) (1) (i) and 1.1563-1(b) (2) (ii) (c), Income Tax Regs., [5] which provide that an electing small business corporation shall not be treated as a component member of a controlled group of corporations. While this regulation might well have an effect on the subsequent taxable years of petitioner and Lorr, it has no bearing on the taxable year at issue herein. The relevant date for determining the component members of a controlled group of corporations is the December 31 included within the particular taxable year in issue. Section 1563(b). The determinative date in the instant case is therefore December 31, 1967. On that date Lorr had not yet become an electing small business corporation, but *214 remained with petitioner a component member of a controlled group of corporations limited under section 1561 to a single surtax exemption of $25,000. *215 Petitioner relies next on section 1561(b). [6] Under that provision, a corporation which was the only component member of a controlled group of corporations on the last day of a short taxable year which did not include a December 31 would be entitled to a full surtax exemption of $25,000 with respect to that period. In this connection, petitioner presumably adverts to the fact that Lorr was an electing small business corporation as of October 31, 1968 (the last day of the taxable year in issue) and was therefore excluded under the previously cited regulations from being a component member of the controlled group of corporations as of that date. Section 1561(b) is obviously inapplicable to the instant case, however. It applies only in the case of a corporation's short taxable year [7] which does not include a December 31. Here we are concerned with *216 petitioner's full taxable year beginning November 1, 1967 and ending October 31, 1968, which includes December 31, 1967. The "general rule" of section 1561(a) is applicable in such a case. Petitioner also cites section 1562(c) (4) in support of its claim for a full surtax exemption. Petitioner presumably thinks this section is helpful to its situation because it speaks in terms of "any December 31" and on December 31, 1968 Lorr was an electing small business corporation entitled under the previously cited regulations to be excluded from treatment as a component member of a controlled group of corporations. We fail to see the relevance of section 1562(c) (4), however, because it relates only to the termination of an election under section 1562, a question *217 not involved in the present case. We turn next to a consideration of petitioner's alternative position - that the controlled group of corporations consisting of it and Lorr made a valid election of multiple surtax exemptions under section 1562. Respondent contends that such group failed to make a valid election because petitioner did not consent to such an election within the time prescribed by section 1562(e) (1). Lorr was the component member of the controlled group which had the taxable year ending first after the specified December 31. The deadline for filing the required consents in the instant case was, therefore, three years after the due date of Lorr's income tax return for such year - April 15, 1971. Petitioner first filed a statement indicating its consent to an election under section 1562 on January 13, 1972. Petitioner argues first that the Form 872 which it executed on October 26, 1971, extending until December 31, 1972 the period of limitations for assessing any deficiency in its income tax for its taxable year ending October 31, 1968, likewise extended the period within which it was permitted to consent to the group's election of multiple surtax exemptions. *218 Although the argument has the appeal of symmetry, it finds no support in the language of the controlling statute, section 1562(e) (1). That statute fixes the deadline for filing consents in terms of the time for filing the earliest tax return of a component member and expressly states that no extensions of time are to be considered in determining the deadline for filing consents. Petitioner further argues that the respondent is barred from assessing the deficiency involved herein by section 1562(g) (1). The fact is, however, that petitioner timely consented to an extension until December 31, 1972 of the period for assessing any deficiency in its income tax for its taxable year ending October 31, 1968. The statutory notice of deficiency in this case was issued on September 27, 1972, more than three months before the expiration of the period of limitations to which petitioner agreed. The limiting language in section 1562(g) (see footnote 3, supra ) merely specifies the earliest date for the expiration of the period of limitations. See also H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 125, 444-445. It does not prevent the taxpayer and respondent *219 from timely agreeing to an extension of the applicable period beyond such date. Section 1.1562-7(c) (1), Income Tax Regs., [8] articulates the statutory minimum time limitation. After working our way through the statutory provisions and regulations involved in this case, we cannot help but be aware of the inordinate "blunder potential" which they create. [9] *220 Even if we were empowered to grant relief to a taxpayer which has succumbed to this potential, there is nothing in the record of this case which enables us to conclude that petitioner's actions were due to an inadvertent blunder rather than a conscious choice. Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue. ↩
2. SEC. 1561. SURTAX EXEMPTIONS IN CASE OF CERTAIN CONTROLLED CORPORATIONS. (a) General Rule. - If a corporation is a component member of a controlled group of corporations on a December 31, then for purposes of this subtitle the surtax exemption of such corporation for the taxable year which includes such December 31 shall be an amount equal to - (1) $25,000 divided by the number of corporations which are component members of such group on such December 31, or (2) if all such component members consent (at such time and in such manner as the Secretary or his delegate shall by regulations prescribe) to an apportionment plan, such portion of $25,000 as is apportioned to such member in accordance with such plan. The sum of the amounts apportioned under paragraph (2) among the component members of any controlled group shall not exceed $25,000. (b) Certain Short Taxable Years. - If a corporation - (1) has a short taxable year which does not include a December 31, and (2) is a component member of a controlled group of corporations with respect to such taxable year, then for purposes of this subtitle the surtax exemption of such corporation for such taxable year shall be an amount equal to $25,000 divided by the number of corporations which are component members of such group on the last day of such taxable year. For purposes of the preceding sentence, section 1563(b) shall be applied as if such last day were substituted for December 31. ↩
3. SEC. 1562. PRIVILEGE OF GROUPS TO ELECT MULTIPLE SURTAX EXEMPTIONS (a) Election of Multiple Surtax Exemptions. - (1) In general. - A controlled group of corporations shall (subject to the provisions of this section) have the privilege of electing to have each of its component members make its returns without regard to section 1561. Such election shall be made with respect to a specified December 31 and shall be valid only if - (A) each corporation which is a component member of such group on such December 31, and (B) each other corporation which is a component member of such group on any succeeding December 31 before the day on which the election is filed, consents to such election. * * * (3) Effect of election. - If an election by a controlled group of corporations under paragraph (1) is effective with respect to any taxable year of a corporation - (A) section 1561 shall not apply to such corporation for such taxable year, but (B) the additional tax imposed by subsection (b) shall apply to such corporation for such taxable year. (b) Additional Tax Imposed. - * * * (c) Termination of Election. - An election by a controlled group of corporations under subsection (a) shall terminate with respect to such group - * * * (4) Controlled group no longer in existence. - If such group is considered as no longer in existence with respect to any December 31.Such termination shall be effective with respect to the December 31 referred to in paragraph * * * (4) * * *. * * * (e) Manner and Time of Giving Consent and Making Election, Etc. - An election under subsection (a) (1) * * * (and the consent of each member of a controlled group of corporations which is required with respect to such election * * *) shall be made in such manner as the Secretary or his delegate shall by regulations prescribe, and shall be made at any time before the expiration of 3 years after - (1) in the case of such an election, the date when the income tax return for the taxable year of the component member of the controlled group which has the taxable year ending first on or after the specified December 31 is required to be filed (without regard to any extensions of time) * * *
* * * Any consent to such an election * * *, and a failure by a component member to file a statement that it does not consent to an election under this section, shall be deemed to be a consent to the application of subsection (g) (1) (relating to tolling of statute of limitations or assessment of deficiencies). * * * (g) Tolling of Statute of Limitations. - In any case in which a controlled group of corporations makes an election * * * under this section, the statutory period - (1) for assessment of any deficiency against a corporation which is a component member of such group for any taxable year, to the extent such deficiency is attributable to the application of this part, shall not expire before the expiration of one year after the date such election * * * is made * * * * * * ↩
4. SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporations. - For purposes of this part, the term "controlled group of corporations" means any group of - * * * (2) Brother-sister controlled group. - Two or more corporations if stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of stock of each of the corporations is owned (within the meaning of subsection (d) (2)) by one person who is an individual, estate, or trust. * * * (b) Component Member. - (1) General Rule. For purposes of this part, a corporation is a component member of a controlled group of corporations on a December 31 of any taxable year (and with respect to the taxable year which includes such December 31) if such corporation - (A) is a member of such controlled group of corporations on the December 31 included in such year and is not treated as an excluded member under paragraph (2) * * * * * * (d) Rules for Determining Stock Ownership. - * * * (2) Brother-sister controlled group. - For purposes of determining whether a corporation is a member of a brother-sister controlled group of corporations (within the meaning of subsection (a) (2)), stock owned by a person who is an individual * * * means - (A) stock owned directly by such person * * * * * * ↩
5. Sec. 1.1563-1, Income Tax Regs.: Definition of controlled group of corporations and component members. * * * (b) Component members - (1) In general. For purposes of sections 1561 through 1563 and the regulations thereunder, a corporation is a component member of a controlled group of corporations on a December 31 (and with respect to the taxable year which includes such December 31) if such corporation - (i) Is a member of such controlled group on such December 31 and is not treated as an excluded member under subparagraph (2) of this paragraph * * * (2) Excluded members. * * * (ii) A corporation which is a member of a controlled group of corporations on any December 31 shall be treated as an excluded member of such group on such date if, for its taxable year including such date, such corporation is - * * * (c) An electing small business corporation (as defined in section 1371(b)) not subject to the tax imposed by section 1378, * * * ↩
6. Petitioner's brief consists for the most part of a bare list of citations to various provisions of sections 1561-1563 and the regulations thereunder, without any explanation of why such provisions are thought to be applicable to its situation. We have done our best to consider why the cited provisions might apply herein. ↩
7. Sections 441(b) (3) and 443(a) define the term "short taxable year" for purposes of all the income tax provisions of the Internal Revenue Code, including section 1561. See the legislative report on section 1561, which expressly states that the term "short taxable year" appearing in section 1561(b) is as described in section 443(a). H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 125, 436. ↩
8. Sec. 1.1562-7, Income Tax Regs: Extension of statutory periods of limitation. - * * * (c) The provisions of [sec. 1562(g) (1)] shall not be construed to - (1) Shorten the period within which an assessment of a deficiency may otherwise be made * * * * * * ↩
9. "The elections inherent in these provisions [secs. 1561 and 1562], and their complexity, practically ensured a high degree of "blunder potential." Moreover, these provisions contained a number of wide delegations of authority to the Treasury, requiring that even more than the usual attention be given to the applicable regulations." Bittker and Eustice, Federal Income Taxation of Corporations and Shareholders, p. 15-12 (3d ed. 1971). The quotation speaks in the past tense because the original section 1561 was replaced and section 1562 was repealed by the Tax Reform Act of 1969, P.L. 91-172, 83 Stat. 487, effective for taxable years beginning after December 31, 1974. See also section 1564.